UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Sudha Patel, and Bholae, Inc.,

                    Plaintiffs,

     vs.

City of Sauk Centre; Dennis
Rykken, Interim Mayor of
the City of Sauk Centre; Paul
Theisen, former Mayor of the
City of Sauk Centre; Sauk
Centre City Council and
Council Members 1-4; Rose
Ann Inderrieden, Sauk Centre
City Administrator; Stephen
Bloom, former Sauk Centre
City Administrator; Coralee
Fox, former Sauk Centre City
Administrator; and Traci Ryan,
Sauk Centre Economic
Development Director,

                    Defendants.          Civ. No. 05-2866 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.   Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Defendants' Motion for Summary Judgment.   A Hearing on the Motion was conducted on December 7, 2006, at which time, the Plaintiffs Sudha Patel ("Patel"), and Bholae, Inc. ("Bholae"), appeared by Richard I. Diamond, Esq., and the Defendants appeared by Ryan M. Zipf, Esq.

For reasons which follow, we recommend that the Defendants' Motion for Summary Judgment be granted.

II.   Factual and Procedural Background

This action arises from the Plaintiffs' application for a liquor license ("the License") from the Defendants City of Sauk Centre ("the City"), and the Sauk Centre City Council ("the Council").   The license application was submitted by Bholae, which is a Minnesota corporation that is solely owned by Patel, who is a Hindu woman, and was originally from India.  During the relevant period of time, Patel lived with her husband, Paresh Patel ("Paresh"), in the Super 8 Motel ("the Motel") that was

owned by Paresh, through the corporate entity Sauk Centre Lodging.[1]  See, Complaint, at ¶¶1.1 and 1.2; Plaintiffs' Memorandum in Opposition, Docket No. 32, at p. 2.  Patel was not employed by Paresh in his operation of the Motel, and worked two (2) separate jobs with other employers.  See, Deposition of Sudha Patel ("Patel Dep."), Affidavit of Ryan M. Zipf ("Zipf Aff."), Docket No. 23-2, Exh. B, at pp. 16-17.

In 1996, the lower level of the Motel was converted into a banquet hall known as the Hayloft ("the Hayloft").  See, Deposition of Paresh Patel ("Paresh Dep."), Zipf. Aff., Exh. A, at p. 14.  In 1998, Patel successfully applied for a License for the Hayloft, after passing a criminal background check by the City, which spanned over the preceding seven (7) years.  See, Complaint, at ¶4.1; Defendants' Motion in Support of Summary Judgment, supra at 3 n. 2.  In 1999, Patel transferred the License to Margaret Lindhorst ("Lindhorst"), who allegedly is a Caucasian woman, and who operated a catering business in the Hayloft, pursuant to the License, without incident until 2004.  See, Complaint, at  ¶¶4.3-4.5.

_____

[1]On March 31, 2006, Paresh forfeited the Super 8 Motel to Stearns County in a tax forfeiture action.  See, Deposition of Paresh Patel, Docket No. 23-1, at Ex. A., pp. 11-13.

In 2004, the City mailed Lindhorst an annual renewal notice for the License, and Lindhorst informed Patel that she was not interested in renewing the License. Id. at ¶¶4.6-4.7.   Patel, as well as Paresh, brought the renewal form, which had been submitted to Lindhorst, to the City Clerk's Office, and met with City Clerk Karen Jennissen ("Jennissen").   Jennissen directed Patel to cross out Lindhorst's name on the form, insert her own name, and provide the City a check for the renewal amount. See, Paresh Dep., at pp. 24-25.

Patel complied with Jennissen's instructions, and submitted the renewal form, along with a check -- which was signed by Paresh -- for $1,950.00, and drawn on the account of "Sauk Center Lodging, Inc d/b/a/ Super 8 Motel," which the City subsequently cashed.   Id. at ¶ 4.8; Paresh Dep., at pp. 23-26.  Patel actually sought to have the License for the Hayloft transferred to her.  Id.

On June 2, 2004, the Council voted unanimously to approve the renewal of the License, contingent on the submission of the appropriate insurance paperwork, and published the License approval in the newspaper.  See, Complaint, at ¶¶4.8, 5.1-5.2; Zipf Aff., Exh. E, at p. 3.

In a letter dated June 18, 2004, the City notified Patel that it had mistakenly approved the License as a renewal, and that she had not filed the proper paperwork,

- 4 -

because her request was actually a transferral of the License.  The letter further advised

her that an advertisement in the newspaper, on June 22, 2004, would inform the public

that a Hearing would be held on July 7, 2004, so as to consider the applications of

both Patel, and Bruce Rohde ("Rohde"), who assertedly is a Caucasian male.  See,

Plaintiffs' Memorandum in Opposition, supra at 4; Zipf. Aff., Docket No. 23-2, at p.

17.

Under the applicable City Ordinances, a liquor license transfer follows the same

procedures as a new license application.  See, City of Sauk Centre Ordinance Section

701.06, Subdivision 2; Section 702.13, Zipf Aff., Ex. D.  A liquor license transfer

requires the applicant to fill out the paperwork for a new liquor license application, and

submit to a criminal background investigation.  See, Affidavit of Coralee Fox ("Fox

Aff."), Docket No. 22, Att. 1, at ¶4.  The City must also provide ten (10) days

published notice to the public before a Hearing can be conducted on a transfer, or a

new liquor license application.  See, City Ordinance Section 701.06, Subdivision 1,

Zipf Aff., Ex. D.  The City Council is required to investigate all of the facts provided

in the application and, in its discretion, it may grant, or refuse, the application.  Id.

In addition, Minnesota Statutes Section 340A.402 prohibits municipalities from

issuing liquor licenses to a person who is "not of good moral character or repute," and

requires that a background investigation be conducted.   The relevant statute also

provides as follows:

> In addition, no new retail license may be issued to, and the
> governing body of a municipality may refuse to renew the
> license of, a person who, within five years of the license
> application, has been convicted of a felony or a willful
> violation of a federal or state law or local ordinance
> governing the manufacture, sale, distribution, or possession
> for sale or distribution of an alcoholic beverage. The
> alcohol and gambling enforcement division or licensing
> authority may require that fingerprints be taken and
> forwarded to the Federal Bureau of Investigation for
> purposes of a criminal history check.

Id.

On June 21, 2004, Patel formed Bholae, and submitted an application for a new

License for the Hayloft in the Corporation's name.  See, Patel Dep., Zipf. Aff., Docket

No. 23, at pp. 24-26.  On July 7, 2004, Patel, Paresh, and Patel's attorney attended the

Public Hearing held in conjunction with the regular Council meeting, to answer

questions regarding the License application.  See, Complaint, at ¶¶5.3-5.6; Zipf. Aff.,

Exh. H.

At the Hearing, Arlene Veeder, Kathy Schmidt, and Mark Orth, testified that

they were caterers who had agreements to use the existing Hayloft facility, and that

they wished to see the License remain at the Hayloft, "as it would benefit three catering

businesses in the community and create a hardship" if not awarded to Patel.  See, <u>Zipf.</u> <u>Aff.</u>, Exh. H, at p. 2.  Patel was asked a list of prepared questions, which included inquiry about whether Patel would be the only person dispensing liquor -- as her application noted that she would not have any employees.  The Council also noted, at the Hearing, that "[t]he checks in payment of the [Application] fee were drawn on an account titled <u>Sauk Centre Lodging Inc. DBA Super 8 Motel</u>," which were signed by Paresh, and the Plaintiff was asked to "describe the function which Paresh Patel will serve in regard to utilization of the liquor license at Hayloft Banquet and Meeting Facility."  See, <u>Plaintiffs' Memorandum of Law in Opposition</u>, at p. 6.  The questions posed to Patel were answered by Paresh, as well as Patel's attorney, as Patel represented that she could not communicate well in English, and that Paresh was authorized to speak on her behalf.  See, <u>Paresh Dep.</u>, at pp. 39-40; <u>Patel Dep.</u>, at pp. 14-19.  At the same Hearing, Rohde was asked questions regarding his application for a License.  See, <u>Zipf. Aff.</u>, Exh. H, at p. 2.

The City and Council required the Plaintiffs to undergo a background check. See, <u>Complaint</u>, at ¶¶5.7-5.9.  The background check revealed that Paresh had pled guilty in 2004 to a criminal charge of making terroristic threats at the Motel, and was convicted of bribery in Houston, Texas, in 1995.  In addition, Patel had been booked

for shoplifting in Houston, Texas, in 1986.  See, <u>Background Checks</u>, <u>Zipf Aff.</u>, <u>Docket No. 23-14</u>, Exh. N(2).  In the proposed Findings and Conclusions on the Plaintiffs' License application -- which were never adopted by the City Council, but whose contents were read aloud at the Hearing -- regarding the Plaintiffs' application for the License, the City noted that it had only nine (9) licenses available, of which eight (8) were currently issued.  <u>Zipf. Aff.</u>, <u>Docket No. 23-13</u>, Exh. N(1).

In those same documents, the Council noted that Patel and Paresh "agreed at the public hearing that a condition of issuance of the liquor license would be the payment of taxes" on the property, but that those taxes remained delinquent.  <u>Id.</u>  The documents, also included language that it was impossible to determine if Patel was the de facto applicant for the License, but that neither Patel, nor her husband, were persons of "good moral character and repute" within the meaning of Minnesota Statutes Section 340A.402(3).  <u>Id.</u>   Those statements were never adopted by the City Council, but were read aloud during the Hearing.  See, <u>Paresh Dep.</u>, at pp. 88-90; <u>Patel Dep.</u>, at pp. 55-56.

At the Council meeting on July 21, 2004, the Council agreed to the request of the Plaintiffs' attorney that any decision on the License application be postponed until August 4, 2004, pending further investigation on the background materials.  See,

- 8 -

Affidavit of Coralee Fox, ("Fox Aff."), Docket No. 22-1, at ¶8.  At that same meeting,

the Council also considered the competing application for a License by Rohde.  See,

Plaintiffs' Memorandum in Opposition, at p.  9.

> The City Council Minutes for July 21, 2004, states as follows:

> > Fox presented the Council with two resolutions concerning
> > the liquor license application of Sudha Patel, Findings of
> > Fact and Conclusions, Certificates of Fact from the Sauk
> > Centre Police Department and background check results.
> > Attorney Emilee Harren spoke on behalf of Ms. Patel and
> > asked Council to postpone their decision pending further
> > investigation into the information presented.  Lawinger made
> > a motion, with a second by Moritz, to **Table the Liquor
> > License Application  From Sudha Patel Until the
> > August 4, 2004 Council Meeting**.  The motion was
> > approved 4-0, with all present voting in favor thereof.

Zipf. Aff., Exh. O, at p. 4.

One of the proposed resolutions, that was under consideration, was to grant the

Plaintiffs' application, and the other was to deny it.  Id.

> The Council voted to approve Rohde's application, based on a background

check that disclosed that Rohde did not have a criminal history, and conditioned on

the procurement of a lease of, or interest in, the property for which he had applied for

the License, as well as payment of any delinquent property taxes.  Id. at pp. 4-5.

On August 4, 2004, Coralee Fox ("Fox"), who was the City Administrator for Sauk Centre during the events which comprise this action, faxed a letter to Patel's attorney, which informed her that the Plaintiffs' tabled application for the License would be heard at a Council meeting that evening, and that requested that the Plaintiffs provide any additional information in support of their application by August 12, 2004. See, Zipf Aff., Docket No. 23-2, at p. 27; Fox. Aff., at ¶9. At the City Council meeting on that date, the Council voted to leave the Plaintiffs' License application on the table. See, Zipf Aff., Exh. P, at p. 3. Patel has never requested that the City Council remove her application from the table, and take action on her License Application, and the City Council has not taken any further action to deny the Plaintiffs the License. See, Fox. Aff., at ¶10. No further action, by either the Council or the Plaintiffs, appears in the Record.

On December 12, 2005, the Plaintiffs filed a Complaint, which alleges that the Defendants' actions denied the Plaintiffs due process and equal protection under the law. The Complaint also asserts State law claims of negligence, intentional interference with contractual relations, defamation, and seeks an injunction. See, Complaint, at pp. 8-12. In their Motion for Summary Judgment, the Defendants argue that the Plaintiffs have no protected property interest in a liquor license, and that they were afforded

sufficient due process throughout the application process, which has yet to be concluded.  They further assert that the Plaintiffs have no legal basis, nor any evidence, to support their equal protection claim, and that the State law claims should also be dismissed.  We address each contention, in turn.

III.  Discussion

A.    Standard of Review.  Summary Judgment is not an acceptable means of resolving triable issues, nor is it a disfavored procedural shortcut when there are no issues which require the unique proficiencies of a Jury in weighing the evidence, and in rendering credibility determinations.  See, Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Midwest Oilseeds, Inc. v. Limagrain Genetics Corp., 387 F.3d 705, 711 (8th Cir. 2004), cert. denied, 544 U.S. 977 (2005).  Summary Judgment is appropriate when we have viewed the facts, and the inferences drawn from those facts, in a light most favorable to the nonmoving party, and we have found no triable issue.  See, Eide v. Grey Fox Technical Servs. Corp., 329 F.3d 600, 604 (8th Cir. 2003); Philip v. Ford Motor Co., 328 F.3d 1020, 1023 (8th Cir. 2003); United Fire & Casualty Co. v. Garvey, 328 F.3d 411, 413 (8th Cir. 2003).  For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case, while a dispute is "genuine" if the evidence is such that a

- 11 -

reasonable Jury could return a Verdict for the nonmoving party.  See, <u>Anderson v.</u>

<u>Liberty Lobby, Inc.,</u> 477 U.S. 242, 248 (1986); <u>Planned Parenthood of</u>

<u>Minnesota/South Dakota v. Rounds</u>, 372 F.3d 969, 972 (8th Cir. 1004); <u>Fenney v.</u>

<u>Dakota, Minnesota & Eastern R.R. Co.</u>, 327 F.3d 707, 711 (8th Cir. 2003)

As Rule 56(e) makes clear, once the moving party files a properly supported

Motion, the burden shifts to the nonmoving party to demonstrate the existence of a

genuine dispute.  In sustaining that burden, "an adverse party may not rest upon the

mere allegations or denials of the adverse party's pleading, but the adverse party's

response, by affidavit or as otherwise provided in this Rule, must set forth specific

facts showing that there is a genuine issue for trial." <u>Rule 56(e), Federal Rules of Civil</u>

<u>Procedure</u>; see also, <u>Anderson v. Liberty Lobby, Inc.</u>, supra at 256; <u>Eddings v. City</u>

<u>of Hot Springs, Ark.</u>, 323 F.3d 596, 602 (8th Cir. 2003).

Moreover, the movant is entitled to Summary Judgment where the nonmoving

party has failed "to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v.</u>

<u>Catrett</u>, supra at 322; see also, <u>Forest Park II v. Hadley</u>, 408 F.3d 1052, 1057 (8th Cir.

2005); <u>Mercer v. City of Cedar Rapids</u>, 308 F.3d 840, 843 (8th Cir. 2002); <u>Hammond</u>

<u>v. Northland Counseling Center</u>, Inc., 218 F.3d 886, 891 (8th Cir. 2000).  No genuine

issue of fact exists in such a case because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, supra at 323; see also, Sallis v. University of Minnesota, 408 F.3d 470, 474 (8th Cir. 2005); Davis v. U.S. Bancorp, 383 F.3d 761, 768 (8th Cir. 2004); Bell Lumber and Pole Co. v. United States Fire Ins. Co., 60 F.3d 437, 441 (8th Cir. 1995).

      B.    Legal Analysis.

            1.    The Plaintiffs' Due Process Claims.

                 a.    Procedural Due Process.  As to their procedural due process claim, the Plaintiffs contend that their rights were violated, when the Defendants improperly revoked the erroneously issued renewal license, and then "denied" the Plaintiffs' attempts to obtain a transferred liquor license. See, Complaint, at ¶8.3. The Defendants argue that they are entitled to Summary Judgment, as a matter of law, as the Plaintiffs had no protected property interest in a liquor license, and that Patel was afforded notice and an opportunity to be heard. See, Defendants' Memorandum in Support of Motion for Summary Judgment, at p. 8.

In determining whether a plaintiff has properly asserted a claimed violation of due process, the first inquiry focuses on whether there is a liberty or property interest

which the defendants have denied to the plaintiff.  See, Kentucky Dept. of Corrections

v. Thompson, 490 U.S. 454, 460 (1989); Swipies v. Kofka, 419 F.3d 709, 715 (8th

Cir. 2005)("To establish a procedural due process violation, a plaintiff need not only

show a protected interest, but must also show that he or she was deprived of that

interest without sufficient process, i.e., without due process.").  Once we determine

that a liberty or property interest has been implicated -- that is, one of constitutional

dimension -- then we must determine what process was due before the governmental

entity could deprive the plaintiff of that interest.  See, Cleveland Bd. of Edu. v.

Loudermill, 470 U.S. 532, 541 (1985).  Notably, "[a]lthough the underlying substantive

interest is created by 'an independent source such as state law,' federal constitutional

law determines whether the interest rises to the level of entitlement' protected by the

Due Process Clause."  Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9

(1978); see also, Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1030

(1992).

        Here, the Plaintiffs' claim does not survive the first prong of the analysis, as we

find no property, or liberty interest, which, under the circumstances presented, was

personally held by the Plaintiffs.  The Plaintiffs claim that they followed all of the

prerequisites of obtaining a License, and that the City harmed them by wrongfully

granting, and then revoking the License, and then by granting the License to Rohde, a Caucasian male.  <u>Complaint</u>, supra at 8.  The Defendants argue that the Plaintiffs' cause of action fails because Patel has no property interest in the License and, even if she did, the City afforded her due process during the course of her application.  <u>Defendants' Memorandum in Support</u>, supra at 11.

Under Minnesota law, which is applicable here, there is no property right to a liquor license.  In <u>Klingner v. City of Braham</u>, 130 F. Supp. 2d 1068, 1071 (D. Minn. 2001),  the District Court reasoned, under somewhat similar circumstances, as follows:

> In Hymanson v. City of St. Paul, the Minnesota Supreme Court expressly stated that "[u]nder Minnesota law, there is no property right in a liquor license."  329 N.W.2d 324, 326 n. 1 (Minn.1983); accord Country Liquors, Inc. v. City Council of Minneapolis, 264 N.W.2d 821, 826 (Minn.1978)(holding that there is no property interest in an unissued liquor license); Paron v. City of Shakopee, 226 Minn. 222, 32 N.W.2d 603, 607-08 (1948)(holding that city council had discretion to approve applications for liquor licenses and that liquor license holder was no more entitled to renewal than first-time applicant); Arens v. Village of Rogers, 240 Minn. 386, 61 N.W.2d 508, 519 (1953) (no person has a vested property right to engage in or continue to engage in the liquor business); see also Snyder v. City of Minneapolis, 441 N.W.2d 781, 792 (Minn.1989) (holding that revocation of a mistakenly issued building permit without any pre-deprivation hearing did not give rise to a due process claim because no property interest existed in the erroneous permit); State v. Hovorka, 100 Minn. 249,

- 15 -

>110 N.W. 870, 871 (1907) (holding that licenses issued
>under Minnesota law do not create property interests in
>renewal of the license that are protected by the Due Process
>Clause).

Id.; see also, Flesner v. City of Ely, 863 F. Supp. 971, 980-81 (D. Minn. 1994)
("Following a thorough examination under the principles of Roth and Sindermann, the
Minnesota Supreme Court concluded that the license holders were not constitutionally
entitled to a transfer of the liquor license"), citing Country Liquors, Inc. v. City
Council of Minneapolis, 264 N.W.2d 821, 826 (Minn. 1978).

The Plaintiff recognizes the foregoing authority, but argues that her property interest

arose when the City advised her to substitute her name on the renewal application, and

vested when the City issued the License.  See, Plaintiff's Memoranda in Opposition,

at p. 24.

However, as was recognized in Klingner, "[t]he City's error in issuing an invalid

license does not create a property right for Plaintiffs."  Klingner v. City of Braham,

supra at 1071-72; see also, Snyder v. City of Minneapolis, 441 N.W.2d 781, 792

(Minn. 1989)("We hold Snyder suffered no deprivation of a protected property

interest and has no claim under §1983 for the City's failure to provide a hearing before

his [mistakenly issued] building permit was revoked.").  Accordingly, in the absence

of any recognized property right in the issuance of the liquor license transfer, we find

that Plaintiffs' claim, which alleges violation of their procedural due process rights,

fails as a matter of law, and that, therefore, the Defendants' Motion for Summary Judgment on this claim should be granted.

Even if a property right did attach, we note that the Plaintiffs were given notice of the Hearing on the transfer, as well as an opportunity to be heard, which they took advantage of by appearing, and speaking, at the Hearing.  Furthermore, given that the Plaintiffs requested that Patel's application be tabled, and thereafter, never asked for City Council action, the Plaintiffs should not complain of a procedural due process violation, when the City Council acted on their Application in the manner consistent with that they requested.  The Plaintiffs contend that several members of the City Council were predisposed to approve Rohde, over Patel, for the final liquor license. However, the City never denied Patel's application, but tabled it **pursuant to Patel's request**.  Accordingly, we find that the Plaintiffs' procedural due process claim fails.

b.     <u>Substantive Due Process</u>.  As with their claim which asserted a denial of procedural due process, when analyzing a claim that the deprivation of property violates substantive due process rights, a Court must first consider whether the plaintiff has a protected property interest to which the protections afforded by due process apply.  See, <u>Ellis v. City of Yankton, S.D.</u>, 69 F.3d 915, 917 (8th Cir. 1995);

Dover Elevator Co. v. Arkansas State University, 64 F.3d 442, 445-46 (8th Cir. 1995).

"Without a property interest, plaintiff's procedural and substantive due process claims

fail." Perkins v. City of St. Paul, 982 F. Supp. 652, 658 (D. Minn. 1997), citing Ellis

v. City of Yankton. S.D., supra at 917.  As previously explained, the Plaintiffs had no

entitlement to a transferred liquor license, and resultantly, we find no substantive due

process violation.

Furthermore, even if the Plaintiffs' claims passed the first prong of the

applicable test,  to the extent that the Plaintiffs have attempted to assert a substantive

due process claim, their claim is similarly without merit.  Undoubtedly, the Constitution

embodies a concept of substantive due process, which prevents Government actors

from engaging in conduct that shocks the conscience, or that interferes with rights

which are implicit in the concept of ordered liberty.  See, United States v. Salerno, 481

U.S. 739, 746 (1987); see, Moran v. Clarke, 296 F.3d 638, 643 (8th Cir. 2002), quoting

Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998); Brown v. Nix, 33 F.3d 951,

953 (8th Cir. 1994).  Substantive due process claims are, therefore, analyzed under two

tests.  First, the Government is forbidden from infringing upon certain "fundamental"

liberty interests to any degree -- no matter what process is provided -- unless the

infringement is narrowly tailored to serve a compelling governmental interest.  See,

- 18 -

Weiler v. Purkett, supra at 1051, citing Reno v. Flores, 507 U.S. 292, 113 S.Ct. 1439, 1447 (1993).   Second, the Government's conduct somehow "must shock the conscience or otherwise offend our judicial notions of fairness, or must be offensive to human dignity."  Id. citing Weimer v. Amen, 870 F.2d 1400, 1405 (8th Cir. 1989).

Given the Plaintiff's pleading, we find no basis upon which to conclude that the Plaintiff possesses any fundamental right in the transfer of a liquor license.   See, Klingner v. City of Braham, supra at 1071.  This seems particularly so because, in this Circuit, one seeking to extend substantive due process rights, beyond their current frontiers, bears a heavy burden.  See, Brown v. Nix, supra at 954.  Since the Plaintiffs have offered no support for a substantive due process claim, they have failed to carry -- let alone advance -- that burden.  As a general proposition, interests protected under "substantive due process" involve those rights "so rooted in the traditions or conscience of our people as to be ranked as fundamental."   United States v. Salerno, supra at 751.   Therefore, "'[t]he doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.'" Reno v. Flores, supra at 1447, quoting Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992).

- 19 -

Since the Plaintiff offers no authority to suggest that the Councils' action, in tabling the Plaintiffs' license application **at the Plaintiffs' own request**, would result in the Plaintiffs suffering a fundamental loss of their rights, we find that this conduct neither "shock[s] the conscience[,] * * * offend[s] our judicial notions of fairness," nor is otherwise "offensive to human dignity," <u>Brown v. Nix</u>, supra at 953, and accordingly, the Plaintiff's substantive due process claim necessarily fails.  See, <u>Martin v. City of Brentwood, Mo.</u>, 200 F.3d 1205, 1206-07 (8th Cir. 2000)(finding no substantive due process violation when city never formally denied plaintiff's application for liquor license).

2.   <u>The Plaintiffs' Equal Protection Claim</u>.   The Fourteenth Amendment's Equal Protection Clause requires Government actors to treat persons, who are similarly situated, alike.  See, <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985); see also, <u>Creason v. City of Washington</u>, 435 F.3d 820, 823 (8th Cir. 2006).   In their Third Cause of Action, the Plaintiffs assert a claim under Title 42 U.S.C. §1983 for a violation of their civil rights, harassment, and the "selective enforcement of the laws of the community." <u>Complaint</u>, at ¶10.  The Defendants respond that the Plaintiffs have submitted no evidence to support that claim.  See, <u>Defendants' Memorandum in Support</u>, at p. 21.

To state a claim under Section 1983, the plaintiff must allege facts which, if true, would prove "that the defendant has deprived him of a right secured by the 'Constitution and laws of the United States' * * * [and] that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage of any State or Territory.'" Adickes v. S.H. Kress & Co, 398 U.S. 144, 150 (1970); Title 42 U.S.C. §1983.   Section 1983 does not create any independent rights, but is merely a vehicle for the enforcement of other rights, which are protected under the Constitution and Federal law.   See, Alsbrook v. City of Maumelle, 184 F.3d 999, 1012 (8th Cir. 1999).  Therefore, in order to sufficiently state a Section 1983 claim, a claimant must allege the violation of a right protected by the Constitution, or by Federal law, and that the person who violated that right was acting under color of State law.  See, West v. Atkins, 487 U.S. 42, 48 (1998).

We begin by noting that the Plaintiffs have presented no evidence of a "conspiracy" to deprive the Plaintiffs of their civil rights, with any direct or circumstantial evidence, as they must.   As noted by the Klingner Court, "[s]elling intoxicating liquors is not a fundamental right and bar owners are not a suspect class," and accordingly, the analysis is pursuant to a rational basis test.  See, Klingner v. City

of Braham, supra at 1073, citing Brown v. Lake Geneva, 919 F.2d 1299, 1302 (7th Cir.

1990); Glicker v. Michigan Liquor Control Comm'n., 160 F.2d 96, 98 (6th Cir. 1947).

We further note that it remains unclear what action the Plaintiff claims is a denial

of equal protection.   The City Council never denied the Plaintiffs' application, but

tabled it, as had been requested by the Plaintiffs.   While the Plaintiffs contend the

Findings and Conclusions in the Matter of the Liquor License Application of Sudha

Patel, see, Zipf Aff., Exh. N, reveals discriminatory treatment, and racial animus, we

note that document **was never adopted by the City Council or any other Official**,

and that **no decision was ever made on her Application, because the Plaintiffs

requested that their Application be tabled**.   Accordingly, we find that the Plaintiffs

have failed to allege a violation of their equal protection rights.   See, Martin v. City of

Brentwood, Mo., supra at 1206-07 (finding no equal protection violation when petition

for liquor license  was not formally denied, and plaintiff failed to provide additional,

requested information).   Since no final decision was made by the Council on the

License application, solely because the Plaintiffs asked the Council to defer that

decision, we find no showing, however slight, that the Council's acceptance of the

Plaintiff's express request, could be violative of any constitutional, or Federal right.

As a further argument, the Plaintiffs contend that the background checks, which were performed on Patel, were outside "the plain mandate" of Minnesota Statutes Section 340A.402, which provides that "no new retail license may be issued to, and the governing body of a municipality may refuse to renew the license of, a person who, within five years of the license application, has been convicted of a felony or a willful violation of a federal or state law or local ordinance governing the manufacture, sale, distribution, or possession for sale or distribution of an alcoholic beverage."   See, Plaintiffs' Memorandum in Opposition to Summary Judgment, at p. 13.  However, the statute does not prohibit a municipality from conducting a more sweeping and lengthy background check of an individual,  and the Plaintiff has offered no evidence that other persons were not subjected to background checks which extended to a period greater than five (5) years.

In fact, the Minutes of the City Council meeting provide that "[a] background investigation was completed by the Sauk Centre Police Department, indicating that Bruce Rohde would be a satisfactory applicant for a liquor license due to the fact that he did not have a criminal history nor public information of record which would have made him eligible [sic, ineligible] according to Minnesota Statute 340A.402."  See, Zipf Aff., Exh. O, at p. 4.  Moreover, the Plaintiffs were asked the same seventeen (17)

- 23 -

questions that were asked of Rohde.  See, <u>Fox. Aff.</u>, at ¶4.  While two (2) additional questions were asked of Patel, those questions necessarily resulted from the fact that Paresh, and not the Plaintiffs, provided the payment for the License application and, because of that circumstance, the Council needed to know whether Patel would be the person dispensing the liquor, as she had not advised that she would be hiring any employees in her application.  <u>Id.</u>  Accordingly, we find that the Plaintiff has not demonstrated that she was treated dissimilarly from other applicants who were similarly situated.  Accordingly, we find that Summary Judgment, in favor of the Defendants, is appropriate on the equal protection claim as well.

> 3.  <u>The Plaintiffs' State Law Claims</u>.  As our Court of Appeals recently explained, in <u>Gilson v. Weber</u>, 433 F.3d 642, 647 (8th Cir. 2006):

> > Under 28 U.S.C. §1367(c)(3), a court may "decline to exercise supplemental jurisdiction over a claim * * * [if] the district court has dismissed all claims over which it has original jurisdiction."  Congress unambiguously gave district courts discretion in 28 U.S.C. §1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed, and there is no basis to find an abuse of discretion here.  See Labickas v. Arkansas State University, 78 F.3d 333, 334 (8th Cir. 1996); McLaurin v. Prater, CO-1, 30 F.3d 982, 985 (8th Cir. 1994).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Barstad v. Murray County, 420 F.3d 880, 888 (8th Cir. 2005), quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988).

Here, we have found no violation of the Plaintiffs' equal protection or due process rights arising under Federal law, and we have recommended the entry of Summary Judgment, in favor of the Defendants, as to those claims.  As a consequence, we further recommend that the District Court decline to exercise supplemental jurisdiction over the Plaintiff's purely State law claims.[2]

NOW, THEREFORE, It is --

---

[2]Given that we have found no violation of the Plaintiffs' due process, or equal protection rights, and that the Council's tabling of the License application was undertaken **at the Plaintiffs' request**, we find no basis for granting the Plaintiffs' request for injunctive relief.

RECOMMENDED:

1.      That the Defendants' Motion for Summary Judgment [Docket No. 20] be granted as to the Plaintiffs' Equal Protection and Due Process claims.

2.      That the Plaintiffs' state law claims be dismissed, without prejudice, pursuant to Title 28 U.S.C. §1367(c)(3).


Dated: April 20, 2007                    s/Raymond L. Erickson
                                         Raymond L. Erickson
                                         CHIEF U.S. MAGISTRATE JUDGE


## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 7, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **May 7, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.